**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-60145**
**Summary Calendar**
_____

**LUTHER J. HARVEY,**

**Plaintiff-Appellant,**

**VERSUS**

**RICK GASTON, Captain and**
**JOE PRICE, Sheriff,**

**Defendants-Appellees.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**LUTHER J. HARVEY,**

**Plaintiff-Appellant,**

**VERSUS**

**JOE PRICE, Sheriff,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(93-CV-502)
_____
February 26, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

## Background

Luther Harvey, a former inmate of the Harrison County jail, filed civil rights suits against Rick Gaston, the supervising captain at the jail, and Joe Price, the sheriff of Harrison County. Harvey, at the time a pretrial detainee, alleged that he was denied mental and medical treatment for the ten months that he was housed in the jail. He alleged that, despite a June 19, 1992 court order that he be transferred to the Mississippi State Hospital for a mental evaluation, he did not have a mental evaluation until April 7, 1993. He further alleged that he was improperly housed with maximum security inmates.

The defendants filed a motion to dismiss, or in the alternative, for summary judgment. They outlined medical services provided to Harvey by the jail, including optical and dental treatments, and submitted exhibits supporting the summary of treatment. Regarding Harvey's delayed mental evaluation, the defendants averred that, upon inquiry, they were advised by the state mental hospital that 20 to 25 people were on a waiting list for evaluation prior to Harvey. The defendants submitted Gaston's affidavit attesting to such. Regarding Harvey's maximum security classification, the defendants averred that Harvey was arrested and detained upon a charge that he attempted to stab his ex-wife to death at the hospital where she worked and that Harvey was belligerent at the time of booking. The defendants submitted the jail's general housing orders indicating that Harvey was housed in accordance with the orders.

The district court granted the defendants' motion for summary judgment. The court concluded that Harvey's claims against Sheriff Price failed because Harvey failed to allege personal involvement by Price. The court rejected Harvey's remaining claims on their merits. Harvey timely appealed.

Opinion

Although Harvey's appellate brief is difficult to decipher, he apparently argues that he should have been given a mental evaluation by a local psychiatrist, citing **Partridge v. Two Unknown Police Officers of Houston**, 791 F.2d 1182, 1187 (5th Cir. 1986), which held that the failure to treat a serious psychological or psychiatric condition could result in a viable § 1983 claim. He argues that he was "indeed abused mentally [during] his incarceration at the Harrison County Jail concerning his Vet[e]rans mental illness." He also suggests that he was belligerent at booking because of his mental illness.[1]

Construing Harvey's brief liberally, we will assume that Harvey challenges the district court's grant of summary judgment regarding his delayed mental evaluation and his housing classification. Harvey does not re-argue on appeal his claim that he was completely denied any medical care during his tenure at the Harrison County jail, nor does he challenge the district court's

_____

[1] Harvey also alleges that he was deprived of a "change to state his claim" at the pretrial settlement. Issues raised for the first time on appeal were not reviewable by this Court unless they involve purely legal questions and failure to consider them would result in manifest injustice. **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991). Because Harvey's assertion is not purely legal, this Court need not consider it.

determination that his claims against Sheriff Price should be dismissed based on a lack of personal involvement. These claims are thus deemed abandoned. See **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

This Court reviews the grant of summary judgment de novo, using the same standard applied by the district court. **Matagorda County v. Law**, 19 F.3d 215, 217 (5th Cir. 1994). FEDERAL RULES OF CIVIL PROCEDURE 56 mandates the entry of summary judgment if the pleadings and other filings show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the movant meets its burden, the nonmovant must go beyond the pleadings and show that there is a genuine issue for trial. **Id**.

In **Hare v. City of Corinth**, No. 93-7193, 1996 WL 34766, ____ F.3d ____ (5th Cir. Jan. 26, 1996), this Court sitting en banc clearly held that the duties and obligations owed to a pretrial detainee relative to medical care are the same as those owed to convicted inmates, i.e. the state must provide "basic human needs, including medical care and protection from harm, during their confinement" but that the test of a state jail official's liability is that such official must have had "subjective knowledge of a substantial risk of serious harm" and then "responded with deliberate indifference to that risk". **Id**. at *18.

Applying these standards in this case, we find that Harvey provided no evidence to controvert the defendants' showing that the

4

delay in his mental evaluation was related to the waiting list at the state mental facility. Regarding his assertion that he should have seen a local psychiatrist, Harvey has not shown that his mental condition was such as to produce "a substantial risk of serious harm." Further, the record contains no indication that an immediate mental evaluation was necessary to protect Harvey's health. Compare **Partridge**, 791 F.2d at 1187 (failure to take steps to save a known suicidal detainee from injuring himself may constitute a due process violation). Finally, as noted by the district court, Harvey did ultimately receive an extensive psychological evaluation by the state mental facility; and there is no basis, therefore, upon which a finding of deliberate indifference could be made.

Regarding Harvey's complaint about his housing assignment, conditions of confinement amount to a due process violation only if they constitute punishment of the detainee. **Valencia v. Wiggins**, 981 F.2d 1440, 1445 (5th Cir.), cert. denied, 113 S. Ct. 2998 (1993). Deciding whether a condition of confinement amounts to punishment turns on whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. See **Harris v. Angelina County**, 31 F.3d 331, 334 (5th Cir. 1994). Even assuming that Harvey was given an improper classification based on his belligerence, the classification also was based on the nature of the charges against Harvey, as reflected in the jail's general housing orders. Harvey makes no argument challenging his

opin\95-60145.opn

classification based on such. No due process violation has occurred. The district court did not err by granting the defendants' motion for summary judgment. See **Little**, 37 F.3d at 1075.

Harvey also argues that he was deprived of his "due process right to a [S]pears hearing." He argues that because he did not have such a hearing, the district court's order granting summary judgment was not a final decision. He also argues that the court erred by cancelling the magistrate judge's order issuing a writ of habeas corpus ad testificandum.

A **Spears**[2] hearing is in the nature of a motion for a more definite statement. **Wilson v. Barrientos**, 926 F.2d 480, 482 (5th Cir. 1991). Given that Harvey had an opportunity to respond to the defendants' motion for summary judgment, a **Spears** hearing was neither required nor necessary. Accordingly, the order for the writ of habeas corpus ad testificandum was properly rescinded.

**AFFIRMED.**

---

[2] See **Spears v. McCotter**, 766 F.2d 179, 181 (5th Cir. 1985).