# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50121

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2025

Lyle W. Cayce
Clerk

John Z. Doe, III,

*Plaintiff—Appellant*,

*versus*

Charter Communications, L.L.C., *A Connecticut corporation*; Hireright, L.L.C., *a Tennessee corporation*; Paul Ferguson, *Clerk of the Circuit Court of Arlington County, Virginia*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1458

_____

Before Richman, Graves, and Ramirez, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

John Doe appeals the district court's dismissal of his action under 28 U.S.C. § 1951(e)(2)(B). Doe also appeals the district court's denial of his motion to appoint counsel and to proceed anonymously. For the reasons stated herein, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

John Doe asserts that in 2014 he was found not guilty by reason of insanity (NGRI) for an offense in Arlington County, Virginia and

subsequently committed to the state hospital in 2015.[1]  Doe asserts that, after his first job offer out of college was rescinded because of the 2014 arrest and commitment, he changed his legal name.  In 2020, Doe left Virginia.  On October 23, 2020, a bench warrant issued for failure to appear.

Doe asserts that he began working as a subcontracted software developer in Texas in 2022.  He further asserts that when he went to renew his identification to obtain a security badge at work, he was arrested based on the Virginia capias.  He asserts that he was released after Virginia declined extradition.  He subsequently filed a series of actions in Virginia challenging the post-verdict statutory process as unconstitutional.

Doe asserts that he received a job offer from Charter Communications LLC in 2023 for the position of network engineer, pending completion of a background check to be performed by HireRight LLC.  That same year, Doe asserts that Paul Ferguson, Clerk of the Circuit Court of Arlington, Virginia, began reporting on his employment background checks that he has "a criminal record and active warrant for the misdemeanor of Violation Of Not Guilty By Insanity Conditional Release, a crime that doesn't exist, and is a fugitive."  (Internal marks and emphasis omitted).

Doe further asserts that, based on records maintained by Ferguson, HireRight inaccurately reported to Charter that Doe had a criminal record and an active warrant.[2]  Doe asserts that this information is "wildly inaccurate and legally impossible."  Further, as a result of the report, Doe did

---

[1] Doe apparently pepper-sprayed a professor in an attempt to make a citizen's arrest upon the belief that the professor had gained access to his computer to stalk or harass him. *Pendleton v. Miyares*, No. 1:23-cv-446, 2023 WL 7109681, *2 (E.D. Va. Oct. 3, 2023).

[2] The same information was later provided to another consumer reporting agency, CNet Technologies, which reported it to another potential employer, HEB, who declined to consider Doe for employment as a result.

not pass Charter's pre-employment screening, and the job offer was rescinded. Doe notified Charter that the matter would be legally disputed. Thereafter, Doe filed a charge with the Equal Employment Opportunity Commission, and his right to sue notice was issued on October 10, 2023.

On November 30, 2023, Doe filed a pro se civil rights action under 42 U.S.C. § 1983 against Charter, HireRight, and Ferguson, alleging violations of the Fair Credit Reporting Act (FCRA), the Americans with Disabilities Act (ADA), and the Fourteenth Amendment.[3]

In the complaint, Doe asserted that HireRight violated the FCRA by reporting that Doe "has a criminal record regarding a misdemeanor for which there is a warrant." Doe argued that the warrant was issued in connection with his failure to appear for a civil hearing involving the revocation of his NGRI conditional release.[4] He further argued that neither revocation of release nor civil contempt are a crime under Virginia law[5], and the information should have been excluded under 15 U.S.C. §§ 1681c(a)(5) and 1681i. Doe alleged that he told HireRight that the information was inaccurate, and HireRight failed to either correct its report or note that Doe contested its accuracy.

Doe also asserted a FCRA claim against Charter for using the allegedly erroneous information in HireRight's report to make the adverse decision to withdraw the job offer. Further, Doe claimed that Charter

---

[3] Doe later moved to amend his complaint to include HEB and CNet. But the district court denied the motion as frivolous.

[4] He cited Va. Code § 19.2-182.3.

[5] Doe cited Va. Code §§ 19.2-182.8 and 16.1-278.16. The first section deals with revocation of conditional release. *See* Va. Code § 19.2-182.8. The second section deals with civil contempt in the context of a child custody, visitation, or support obligation. *See* Va. Code § 16.1-278.16.

violated the ADA by withdrawing the job offer after learning that Doe had been characterized as insane.

Doe asserted a 42 U.S.C. § 1983 action against Ferguson, in his official capacity, alleging that Ferguson violated Doe's rights to equal protection and due process under the Fourteenth Amendment by "recording a civil rehabilitation process as a criminal matter." Doe also alleged that Ferguson violated his due process rights by reporting that he had been "charged with crimes that do not exist." In addition, Doe argued that Ferguson violated his substantive due process right to privacy by revealing "sensitive, highly personal, grossly inaccurate, and extraordinarily damaging medical information to HireRight."

Along with the complaint, Doe filed an application to proceed in forma pauperis (IFP). He also moved for leave to proceed anonymously, citing inter alia the sensitive and highly personal medical information at issue. Doe also requested the appointment of counsel.

The district court granted Doe's application to proceed IFP. However, the district court denied the motion to proceed anonymously, noting that Doe had disclosed his real name in his IFP application and in other litigation challenging the warrant. The district court also denied the motion for appointment of counsel, finding that Doe could adequately develop the facts and present his case in any further proceedings. The district court dismissed Doe's claims against Charter, HireRight, and Ferguson pursuant to 28 U.S.C. § 1915(e)(2)(B).[6]

_____

[6] The district court judgment erroneously cited 28 U.S.C. § 1915(a)(1), which states that the court may authorize the commencement of an action without prepayment of fees. But the district court order adopting the magistrate judge's report and recommendation correctly set out 28 U.S.C. § 1915(e)(2)(B), as did the magistrate judge's report and recommendation.

No. 24-50121

The district court specifically found that Doe's FCRA claim against Charter was barred because there is no private right of action under the FCRA against users of consumer reports. The district court dismissed the Fourteenth Amendment claim against Ferguson as frivolous because it reasserted allegations that had already been litigated in Doe's suit against Ferguson in Virginia. Citing *Pendleton v. Miyares*, No. 1:23-cv-446, 2023 WL 7109681 (E.D. Va. Oct. 3, 2023), the district court found that Doe's FCRA claim against HireRight and his ADA claim against Charter were based on the allegation that the warrant itself was unlawful or inaccurate. The district court also noted that Doe had already challenged the warrant in the Eastern District of Virginia, which had dismissed his claim under abstention principles. The district court said that the Virginia court found that Doe did not show that the warrant was unlawful or that any other exceptional circumstance applied to his claim. Thus, the district court found that Doe's allegation that the warrant was issued in error was baseless, and that Doe's claims against HireRight and Charter were frivolous. Doe subsequently appealed.

## STANDARD OF REVIEW

Under § 1915(e)(2)(B), the district court is required to dismiss an IFP case "at any time" if it determines that the case is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)&(ii); *see Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). In this case, the district court dismissed Doe's complaint on the ground that it was frivolous. "We review dismissals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion." *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023). The district court may dismiss an IFP complaint "if it lacks an arguable basis in law or fact." *Id.* (internal marks and quotation omitted). "A complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers*, 709 F.3d at 407 (internal marks and citation omitted).

5

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* However, we liberally construe pro se complaints, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

We have approved the use of a *Spears* hearing or a questionnaire to "aid in the determination of whether an IFP complaint is frivolous." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989); and *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). But we have also recognized that a district court "should be able to dismiss as frivolous a significant number of" IFP suits "on the complaint alone." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). In this case, the district court dismissed Doe's IFP suit on the complaint alone, without a *Spears* hearing or a questionnaire. "Should it appear that insufficient factual allegations might be remedied by more specific pleading" we must determine whether the allegations, "if developed by a questionnaire or in a *Spears* dialog, might have presented a nonfrivolous section 1983 claim." *Eason*, 14 F.3d at 9. However, such consideration is "unnecessary in cases where the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* at n.5 (internal marks and citation omitted).

## DISCUSSION

On appeal, Doe challenges the district court's failure to consider the merits of his constitutional claims. Specifically, he asserts that his constitutional claims in this case are not duplicative of his claims that were litigated in Virginia. Doe asserts that he "is being defamed as criminally insane and has been rendered professionally unemployable" in retaliation for

the suits he filed in Virginia. Doe also asserts that two consumer reporting agencies that had previously cleared him for employment had started "reporting that he is a fugitive wanted for a crime that does not exist and is insane." (Internal marks omitted). Further, in both instances, Doe says the information was acted upon by the defendants despite his dispute, "damaging Doe's livelihood in violation of the FCRA, ADA, and the Fourteenth Amendment." Doe also asserts that the district court improperly failed to address his FCRA claims. Additionally, Doe challenges the dismissal of his ADA claim, asserting that Charter discriminated against him based on the report indicating that Doe had been diagnosed as insane. He further contends that his complaint in this case does not challenge the warrant at issue in the litigation in Virginia. Moreover, Doe maintains that the district court erred by denying his request to proceed anonymously in this litigation and by denying his request for counsel.

*Section 1983 Claims Against Ferguson*

As noted above, Doe challenges the dismissal of his constitutional claims. Doe alleged that Ferguson violated the Fourteenth Amendment by inaccurately "recording a civil rehabilitation process as a criminal matter" and by "revealing sensitive, highly personal, grossly inaccurate, and extraordinarily damaging medical information to HireRight." In connection with this alleged constitutional injury, Doe sought damages against Ferguson. The district court dismissed these claims as frivolous on the ground that it was duplicative of Doe's claim against Ferguson that was litigated in the Eastern District of Virginia. On appeal, Doe argues that the claims are not duplicative because, in contrast to the Virginia litigation, he does not challenge the warrant here.

IFP complaints may be dismissed as frivolous "when they seek to relitigate claims which allege substantially the same facts arising from a

common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Neitzke*, 490 U.S. at 324 (acknowledging Congress intended the IFP screening to address "repetitive lawsuits"). Notably, this court has affirmed the dismissal of a claim as duplicative, even where it was a different claim, so long as it stemmed from the same event as the one in the prior litigation. *See Brown v. Tex. Bd. of Nursing*, No. 94-41140, 1995 WL 10522, at *1-2, 554 F. App'x 268, 269 (5th Cir. 2014) (unpublished); *see also Rowland v. Tex. Dep't of Crim. Just.*, No. 94-41140, 44 F.3d 1005, at *1-2 (5th Cir. 1995) (affirming a dismissal of a claim on the ground that it was duplicative, even though the claim was based on the Eighth Amendment and the prior one was based on due process and equal protection principles) (unpublished); *Kimble v. Jefferson Parish Sheriff's Office*, No. 22-30078, 2023 WL 1793876, at *4 (5th Cir. Feb. 7, 2023) (unpublished) (concluding that the district court properly dismissed claims as duplicative where they stemmed from the same factual allegations asserted in the prior litigation even though the "precise theory of liability" presented in the prior litigation was different).

In the Virginia litigation, Doe filed suit against Ferguson and others, alleging that a warrant had been issued for Doe's arrest after Doe fled Virginia and failed to appear for a show cause hearing related to a report that he had violated the conditions of his NGRI conditional release. *See Pendleton*, 2023 WL 7109681, *2. The court in that case read Doe's complaint as a challenge to an ongoing state criminal proceeding, i.e., the arrest warrant, and a civil proceeding, i.e., the revocation of his conditional release. *See id.* The court dismissed the complaint because it constituted an attack on ongoing state criminal and civil proceedings for which neither Doe's § 1983 complaint nor habeas petition were appropriate. *See id.* In this case, Doe has also filed suit against Ferguson, challenging his recording of the arrest warrant as a

criminal matter and the reference to Doe's NGRI conditional release, which revealed sensitive medical information.

Accordingly, Doe's claim against Ferguson in this case and the Virginia case both involve "the same series of events" and contain allegations of "many of the same facts." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Under these circumstances, the district court did not abuse its discretion by dismissing, on the complaint alone, Doe's constitutional claims against Ferguson as duplicative and therefore frivolous. *See Wilson*, 878 F.2d at 847, 850; *see also Green*, 788 F.2d at 1120 (recognizing that IFP suits can be dismissed on the complaint alone as frivolous); *Eason*, 14 F.3d at 9 n.5 (recognizing that indisputably meritless claims can be dismissed on the complaint alone).

*FCRA Claim Against Charter*

Doe alleged that Charter violated the FCRA by "improperly using erroneous information" about Doe's criminal record that Charter received from HireRight. The district court dismissed this claim, finding that "[t]he FCRA explicitly states that there is no private right of action against users of consumer reports." (Internal marks and citation omitted). On appeal, Doe cites *Barnette v. Brook Rd., Inc.*, 429 F. Supp. 2d 741 (E.D. Va. 2006), an out-of-circuit district court decision to challenge that interpretation, suggesting that such civil actions are not precluded.

Section 1681m of the FCRA applies to "users of consumer reports" who take adverse actions on the basis of information contained in said reports. *See* 15 U.S.C. § 1681m. Congress amended the FCRA by the Fair and Accurate Credit Transaction Act of 2003 (FACTA), which included section 1681m(h). Section 1681m(h)(8) addresses enforcement and provides as follows:

(h) Duties of users in certain credit transactions

. . . .

> (8) Enforcement
>
>> (A) No civil actions
>>
>> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>>
>> (B) Administrative enforcement
>>
>> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8).

The district court interpreted § 1681m(h)(8) to mean that there is no private right of action against users of consumer reports. A number of circuit courts have likewise concluded that § 1681m(h)(8) bars private enforcement of § 1681m in its entirety. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 820-23 (7th Cir. 2006); *Wood v. Third Fed. Sav. and Loan Ass'n, No.* 23-3042, 2023 WL 8174269, at *3 (6th Cir. Nov. 20, 2023) (unpublished); *N'jai v. U.S. Dep't of Educ.*, No. 22-5243, 2023 WL 3848363, at *1 (D.C. Cir. June 2, 2023) (unpublished). However, as Doe asserts, the Eastern District of Virginia has disagreed with that interpretation, instead finding that the limitation in § 1681m(h)(8) applies solely to subsection (h)—pertaining to the duties of users in certain credit transactions—and does not bar a private right of action to enforce the remainder of § 1681m. *Barnette*, 429 F. Supp. 2d at 745-49. But *Barnette* is not controlling.

This court has not yet addressed the issue of whether section 1681m(h)(8) bars private enforcement of section 1681m in its entirety. We now agree with our sister circuits that section 1681m(h)(8) bars private enforcement of section 1681m in its entirety as it states that sections 1681n and 1681o "shall not apply to any failure by any person to comply with *this*

*section.*"  15 U.S.C. § 1681m(h)(8)(A) (emphasis added); *see also Perry*, 459 F.3d at 820-23; *Wood*, No. 23-3042, 2023 WL 8174269, at \*3; *N'jai,* No. 22-5243, 2023 WL 3848363, at \*1.  Thus, the district court did not abuse its discretion in dismissing Doe's FCRA claim against Charter.

*Dismissal of FCRA Claim Against HireRight and ADA Claim Against Charter*

Doe also challenges the district court's dismissal of his FCRA claim against HireRight and his ADA claim against Charter as frivolous.  In dismissing those claims as frivolous, the district court reasoned that both claims were based on Doe's allegation that the warrant was unlawful or inaccurate.  The district court specifically determined that Doe had alleged "that HireRight's reporting was based on records maintained by Defendant Ferguson, not that the report itself was in error."  (Internal marks and citation omitted).  Further, the district court found that Doe alleged "no additional facts to support his ADA claim against Charter apart from its reliance on the report."  As a result, the district court reasoned that a finding for Doe on those claims would require a finding that the warrant was unlawful or inaccurate.  The district court further concluded that the "allegation that the Warrant is in error is clearly baseless," citing the Eastern District of Virginia's findings in the Virginia litigation.

However, in his brief, Doe argues that his complaint, and therefore these claims, are not based on a challenge to the warrant.  Liberal construction of Doe's FCRA claims against HireRight support Doe's assertion that he is challenging the accuracy of HireRight's characterization of the warrant, not the warrant itself.  Specifically, Doe asserted that, "based on records maintained by Defendant Ferguson, HireRight inaccurately reported to Charter that Plaintiff has a criminal record for the offense of Violation of Not Guilty By Reason of Insanity Conditional Release which is listed as a misdemeanor (or equivalent) with a sentence recorded as an active

warrant." (Internal marks omitted). Similarly, in another section of the complaint, Doe alleged that HireRight violated the FCRA "by reporting that Plaintiff has a criminal record regarding a misdemeanor for which there is a warrant," which is for failure to appear at a civil hearing. Doe also asserted that HireRight violated the FCRA by failing to take appropriate measures once he brought the alleged errors in HireRight's report to HireRight's attention. These claims are not necessarily based on a challenge to the warrant itself.

Regarding the ADA claim against Charter, Doe alleged that Charter violated the ADA by rescinding the job offer to Doe after learning that he had been diagnosed as being insane, a disability. Contrary to the district court's findings, that allegation does not depend on a finding that the warrant was unlawful or inaccurate.

Moreover, in his brief, Doe suggests that the district court has misread the conclusions of the court in the Virginia litigation. The district court stated that the Virginia court "found that Plaintiff did not show that the Warrant was unlawful." That characterization is not entirely correct. Rather, in dismissing Doe's complaint in the Virginia case so as not to interfere with the ongoing state proceedings, the Eastern District of Virginia noted that Doe had not shown that the arrest warrant had been issued in bad faith or to harass him. *See Pendleton*, 2023 WL 7109681, at *3.

However, publicly available records from the Arlington County Circuit Court indicate that the warrant was a criminal matter. *See* Arlington County Circuit Court – Criminal Division, Nos. CR14000922-09, CR14000995-09, CR14000918-09. Thus, we are unable to conclude that HireRight's report did not accurately report the information contained in those records, or that Charter improperly relied on that report. Although the district court did not specifically mention or address the criminal court

No. 24-50121

records, this presents a basis for affirming dismissal of this claim. *See Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015) (we may affirm for a district court's order dismissing a claim "on any basis supported by the record.").

For the reasons set out herein, we AFFIRM the district court's dismissal of Doe's claims.[7]

---

[7] Doe also takes issue with the district court's denial of his motions to proceed anonymously and to appoint counsel. However, those issues lack merit.