# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60109

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

Catina Washington,

*Plaintiff—Appellant*,

*versus*

Burl Cain, *Commissioner, Mississippi Department of Corrections*; John Hunt, *Director of Investigation (CID)*; Jeworski Mallett, *MDOC Deputy Commissioner*; Timothy Barnes, *Warden of SMCI*; Unknown Beasley, *Former Deputy Warden SMCI*; Stanley McLeod, *Sheriff of Greene County*; Angel Myers McLrath, *District Attorney 19th Circuit*; Elliot Burch, *Assistant District Attorney*; Lecarus Oliver, *Mississippi Bureau Investigation Major/Director of Criminal Investigation*; Russell Houston, *MDOC/CID Lower-Level Investigator*; Shelby Smith, *Master Sergeant MBI*; J.R. Roberts, *SMCI/MDOC Human Resources Officer*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CV-370

_____

Before ELROD, *Chief Judge*, and WILLETT and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Catina Washington, a case manager at the South Mississippi Correctional Institution (SMCI), filed this federal civil-rights suit against eleven Mississippi Department of Corrections (MDOC) officials, including one Jane Doe, as well as the Sheriff of Greene County, and two prosecutors.

Her complaint alleges only this:

> I, Catina Washington assert that on or about the month of December of 2020, while employed as a case manager at South MS Corr. Facility that a prisoner viciously attacked me and I suffered severe injuries which resulted in surgery. Upon information & belief, Plaintiff states that she was deprived of the right to be heard once she blew the whistle and filed grievances with the entire chain of command at MDOC, CID, MBI, District Attorney's Office, Sheriff's Dept. of Greene County, and additional attorneys but to no avail was plaintiff afforded protections as a victim regarding the right to prosecute. Additionally, all parties are fully aware of the situation but failed to follow the letter of the law stemming from dates of 12/2020 till 2023 and all alleged investigations were not properly done. Plaintiff believes such acts constitute a cover-up on behalf of all parties collectively.

Several defendants moved to dismiss under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c). In response, Washington filed two nearly identical memoranda and an affidavit, each adding factual allegations absent from the complaint. The district court granted the motions, dismissed Washington's claims against the moving defendants for failure to state a claim, and gave her fifteen days to seek leave to amend. The

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court did not, however, dismiss Washington's claims against two defendants who had not yet appeared. Two days later, one of those defendants filed his own motion to dismiss.

Washington did not seek leave to amend by the court's deadline. Instead, she filed a "response in opposition" to the dismissal order and, in the alternative, requested a change of venue. Her filing accused the district judge of bias and of conspiring with the defendants "due to close affiliations in the Gulf Coast area."

The district court construed Washington's filing as a motion to transfer venue under 28 U.S.C. § 1404 and, applying the familiar eight-factor test, denied it. *See, e.g.*, *In re Clarke*, 94 F.4th 502, 509 (5th Cir. 2024). The court also denied Washington's motion insofar as it sought reconsideration of the dismissal order and granted the remaining motion to dismiss, again concluding that Washington failed to state a claim.

Although those dismissals left Washington's claims against one defendant—Jane Doe—intact, the district court found no just reason for delay and entered final judgment dismissing her claims against the other thirteen defendants with prejudice. *See* Fed. R. Civ. P. 54(b). We therefore have jurisdiction over Washington's appeal. *See Anderson v. Harris County*, 98 F.4th 641, 644 (5th Cir. 2024) ("We have jurisdiction to review the district court's partial final judgment entered pursuant to Rule 54(b).").

Though difficult to parse, Washington's complaint appears to rest on a single theory: that defendants failed to investigate and prosecute the prisoner who attacked her. Her district-court memoranda underscore as much. She faults prosecutors for failing to "upgrade" the simple-assault charge against the prisoner "to aggravated assault" despite "medical records . . . that would warrant any other Prosecutor in Mississippi" doing so. She also states that she "questions the entire investigation process

stemming from the date of the attack." But that theory runs into a fundamental obstacle: "precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict her perpetrator." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973)).

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Among the most fundamental limits on federal jurisdiction is "the doctrine of standing," which "derives from the case-or-controversy requirement" of Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). And both we and the Supreme Court have repeatedly held that plaintiffs lack standing to challenge an official's alleged failure to investigate or prosecute another person. *See, e.g.*, *Linda R.S.*, 410 U.S. at 619; *United States v. Texas*, 599 U.S. 670, 674 (2023); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005); *Lefebure*, 15 F.4th at 654–55; *Quiroz v. Hernandez*, 167 F.4th 254, 268 (5th Cir. 2025) (per curiam). Although the Supreme Court articulated that principle in cases seeking prospective relief,[1] we have held that it applies "whether the suit is for injunctive relief or damages." *Lefebure*, 15 F.4th at 655.

That principle dooms Washington's suit. Although she invokes the language of conspiracy and the right to be heard, her allegations ultimately reduce to a single grievance: that officials should have investigated further or prosecuted more aggressively. Article III does not authorize federal courts

---

[1] *See Linda R.S.*, 410 U.S. at 616 (explaining that the plaintiff "apparently seeks an injunction running against the district attorney"); *Texas*, 599 U.S. at 674 ("The States essentially want the Federal Judiciary to order the Executive Branch to alter its arrest policy so as to make more arrests.").

to supervise prosecutorial decisions or second-guess the vigor of criminal investigations.

Rather than explain how her allegations establish standing, Washington challenges the district court's handling of her pleadings. First, she objects to the district court's decision to give her fifteen days to seek leave to amend.[2] But even assuming that timetable was unreasonable, Washington could have sought an extension—or at least filed an untimely motion. She did neither. We find no abuse of discretion.

Second, Washington contends that the district court should have held a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989), before dismissing her complaint. "We have approved the use of a *Spears* hearing . . . to 'aid in the determination of whether an [*in forma pauperis*] complaint is frivolous.'" *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 328 (5th Cir. 2025) (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). In other words, a *Spears* hearing is one procedural "safeguard[]" that may be afforded before a district court dismisses an IFP complaint *sua sponte* "before service of process or before the filing of the answer." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). But this case was not dismissed at the screening stage. The defendants appeared, filed motions to dismiss, and Washington had an opportunity to respond. Under those circumstances, the district court did not err in deciding the case on the complaint and the parties' briefing without holding a *Spears* hearing. *Cf. Harvey v. Gaston*, 81 F.3d 155, 1996 WL

---

[2] Washington asserts that the district court gave her only ten days to file a motion for leave to amend. The record shows otherwise. The district court issued its dismissal order on January 7, 2025, and gave Washington until January 22, 2025—fifteen days—to seek leave to amend.

No. 25-60109

101410, at *3 (5th Cir. Feb. 26, 1996) (mem.) ("Given that Harvey had an opportunity to respond to the defendants' motion for summary judgment, a *Spears* hearing was neither required nor necessary.").[3]

\* \* \*

Because Washington lacks standing, the district court should have dismissed her suit on that basis rather than for failure to state a claim. *See United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022) ("Standing is a matter of jurisdiction, and courts must assess their jurisdiction before turning to the merits."). And when a court dismisses for lack of standing, the dismissal must be without prejudice, not with prejudice. *See Quiroz*, 167 F.4th at 269 ("[D]ismissals based on lack of standing must be dismissed without prejudice . . . ."). We therefore MODIFY the judgment to reflect a dismissal without prejudice and otherwise AFFIRM.

---

[3] Washington also argues that the district court erred by declining to transfer the case to another division within the same district. But her argument never engages the governing venue factors. *See Clarke*, 94 F.4th at 509. Instead, she bases her request solely on an attack on the district judge's impartiality. Even assuming judicial bias could justify a venue transfer, rather than a recusal motion, Washington offers only one basis for questioning the district judge's impartiality: he ruled against her. But "'[j]udicial rulings alone almost never constitute a valid basis' for finding bias or partiality." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Nothing in this record suggests that this is the rare case falling within an exception to that rule. We therefore are not persuaded that the district court erred in declining to transfer venue.